IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TAMELA MALLIARD                                                                                     PLAINTIFF

vs.                                             Civil No. 6:21-cv-06012

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                    DEFENDANT

## MEMORANDUM OPINION

Tamela Malliard ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability applications on September 13, 2018. (Tr. 78). In these applications, Plaintiff alleges being disabled due to a mixed connected tissue disease, "spina synosis," "diverculitis," COPD, seizures, neuropathy (lower extremities), arthritis, depression, and

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15. These references are to the page number of the transcript itself not the ECF page number.

1

anxiety. (Tr. 353). Plaintiff alleges an onset date of February 26, 2018. (Tr. 78). These applications were denied initially and again upon reconsideration. *Id.* After these denials, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 101-126). Plaintiff's administrative hearing was held in Little Rock, Arkansas on May 19, 2020. *Id.* Plaintiff was present and was represented by counsel, Hans Pullen, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Stefanie Ford testified at this hearing. *Id.*

On June 25, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 75-95). The ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2020. (Tr. 81, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 26, 2018, her alleged onset date. (Tr. 81, Finding 2).

The ALJ determined Plaintiff was forty-one (41) years old on her alleged disability onset date. (Tr. 93, Finding 7). Such an individual is defined as a "younger person." *See* 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c). The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 93, Finding 8).

The ALJ determined Plaintiff had the following severe impairments: mixed connective tissue disease; epilepsy; migraine headaches; visual impairments causing loss of visual acuity; diverticulitis; degenerative disc disease of the lumbar spine; major depressive disorder; bipolar disorder; post-traumatic stress disorder (PTSD); and borderline personality traits. (Tr. 81-83, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 83-85, Finding 4).

In her decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 85-93, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a); except, the claimant can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl. She cannot climb ladders. She must avoid hazards, which would include unprotected heights and dangerous, moving, mechanical parts. She must avoid concentrated exposure to pulmonary irritants, temperature extremes of heat and cold, and loud noises, such as loud traffic or jackhammering sounds. She can see with prescription lenses but cannot perform jobs requiring excellent vision. She can perform simple, routine, and repetitive tasks. She can make simple work-related decisions requiring little judgment. She can concentrate, persist, and maintain pace with normal breaks. Finally, she can perform jobs that require incidental interpersonal contact with simple, direct, and concrete supervision.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW. (Tr. 93, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 93-94, Finding 10).

The VE testified at the administrative hearing regarding that issue. (Tr. 93-94, Finding 10). Based upon that testimony, the ALJ determined a hypothetical individual with Plaintiff's limitations retained the capacity to perform work such as the following: (1) document preparer (sedentary, unskilled) with 19,000 such jobs in the national economy; and (2) addresser (sedentary, unskilled) with 3,000 such jobs in the national economy. *Id.* Consistent with that determination, the ALJ found Plaintiff had not been under a disability—as defined by the Act—from Plaintiff's alleged onset date through the date of the ALJ's decision or through June 25, 2020. (Tr. 94, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination. On December 14, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-7). On January 22, 2021, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 25, 2021. ECF No. 5. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff raises the following two arguments for reversal: (A) the ALJ did not properly evaluate her subjective complaints in accordance with SSR 16-3 and CFR 404.1529; and (B) the ALJ erred in her assessment of Plaintiff's RFC. ECF No. 19 at 1-20. Because the Court finds the ALJ erred in assessing Plaintiff's subjective complaints, the Court will only address her first argument for reversal.

The Court notes that in assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subjective complaints. In her opinion, the ALJ discounted Plaintiff's subjective complaints for the following reasons:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent with the record because the objective medical evidence, the claimant's treatment history, and her activities of daily living do not fully support her allegations about the severity of her symptoms. (SSR 16-3p).

(Tr. 87). Although the ALJ stated she did consider the *Polaski* factor of Plaintiff's daily activities, those activities are hardly extensive activities: "For example, records show the claimant is capable of performing all basic and complex activities of daily living including household tasks, counting money, making change, paying bills, and going shopping." (Tr. 87).

Indeed, based upon the Court's review of the ALJ's decision, the ALJ repeatedly referenced Plaintiff's "objective" medical evidence and (apart from her reference to Plaintiff's limited daily activities) discounted her subjective complaints for that reason:

> In conclusion, the undersigned has reviewed all the evidence of record in conjunction with the claimant's testimony and determined that the objective medical evidence, the claimant's treatment history, and her activities of daily living support the aforementioned residual functional capacity assessment.

(Tr. 93).

Based upon this review, the Court finds the ALJ improperly discounted Plaintiff's subjective complaints based upon her medical records. *See Polaski,* 739 F.2d at 1322 (holding a

claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination and credibility analysis are not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of October 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE